IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 15, 2017

## STATE OF TENNESSEE v. MATTHEW MELTON JACKSON

**Appeal from the Circuit Court for Robertson County
Nos. 01-0022, 01-0086      Jill Bartee Ayers, Judge**

_____

**No. M2016-01559-CCA-R3-CD – Filed February 22, 2017**

_____

The Defendant, Matthew Melton Jackson, pleaded guilty to one count of aggravated kidnapping, one count of aggravated robbery, one count of theft of property valued over $500, and two counts of aggravated rape, and the trial court sentenced him to an effective sentence of twenty-five years, to be served at 100%. This Court affirmed the Defendant's sentence on appeal. *State v. Matthew Melton Jackson*, No. M2001-01999-CCA-R3-CD, 2003 WL 288432, at *1 (Tenn. Crim. App., at Nashville, Feb. 7, 2003), *perm. app. denied* (Tenn. May 12, 2003). The Defendant then unsuccessfully filed two petitions for post-conviction relief and two petitions for writs of habeas corpus, and this Court affirmed the lower courts' denial of relief in each regard. The Defendant then filed a Tennessee Rule of Criminal Procedure 36.1 motion to correct his allegedly illegal sentence, which the trial court summarily dismissed. We affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Matthew Melton Jackson, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; John W. Carney, Jr., District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from events that took place after two women, D.H. and S.H.[1] were leaving work at a Blockbuster Video Store at the end of 2000. When reviewing the Defendant's sentence on direct appeal, this Court briefly summarized the facts as follows:

> The victims, D.H. and S.H., were leaving work at a Blockbuster Video Store when the Defendant, dressed in black and wearing a "black hood," approached the women and pointed a chrome Lorcin .380 semi-automatic pistol at them. . . . The pistol was unloaded, although the victims were not aware of this until their ordeal was over. Defendant ordered the women to open the safe, and Defendant put some money into a bag. He then motioned both women into the ladies' restroom but changed his mind and ordered S.H. to accompany him. Defendant warned D.H. to stay in the restroom. Defendant took S.H. to the southeast side of the store where he made her undress at gunpoint.
>
> Defendant inserted the barrel of the pistol into S.H.'s vagina and raped her with the gun. He then went to the front of the store and retrieved a small plastic bag usually provided customers when they rented video tapes. After he constructed a make-shift condom, Defendant began to rape S.H. a second time. During this assault, Sergeant Ricky Morris of the Springfield Police Department drove into the store's parking lot on a routine inspection of the storefront. The Defendant saw the police car and fled the store through a back door.
>
> The police officers, accompanied by a K-9 unit, searched the immediate area and apprehended Defendant when he ran from his hiding spot behind the video store. At the time of his capture, the police officers discovered a pistol, ski mask, prescription glasses and $746.26 in cash.

*Jackson*, 2003 WL 288432, at *3. Based upon these facts, the trial court accepted the Defendant's plea of guilty to one count of aggravated kidnapping, one count of aggravated robbery, one count of theft of property valued over $500, and two counts of aggravated rape. *Id.* at *1. The trial court then sentenced the Defendant to: twenty-five years, at 100%, for each of the aggravated rape convictions; twelve years, at 100%, for the aggravated kidnapping conviction; ten years, at 30%, for the aggravated robbery; and two years, at 30%, for the theft of property conviction. *Id.* It ordered that all the sentences run concurrently, for a total effective sentence of twenty-five years in prison. *Id.*

---

1 To protect the privacy of the victims, we will refer to them by their initials only.

The Defendant appealed the length of his sentence, arguing that the trial court erroneously applied two enhancement factors and that it failed to consider that his actions did not cause serious bodily injury. *Id*. at *2. This Court, after noting that the guilty plea transcript was not included in the record and that the record was limited, concluded that the trial court did not err when it sentenced the Defendant. *Id.* at *5.

In a procedural history spanning more than ten years, the Defendant filed two post-conviction petitions and two habeas corpus petitions. The first post-conviction petition alleged that he had received the ineffective assistance of counsel, in part because his counsel failed to include the guilty plea transcript. *Matthew Melton Jackson v. State*, No. M2004-01342-CCA-R3-PC, 2005 WL 1220242, at *1 (Tenn. Crim. App., at Nashville, May 18, 2015), *perm. app. denied* (Tenn. Oct. 31, 2005). This Court agreed that the failure to include the transcript constituted deficient performance but held that the Defendant had not proven that he was prejudiced by counsel's actions. *Id*. at *9.

The Defendant filed a petition for habeas corpus relief in which he alleged that his sentences were imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny, which held that enhancement factors must be found by a jury. The habeas corpus court denied the writ, and this Court affirmed, holding that our Supreme Court had held that *Blakely* and its progeny did not apply retroactively and therefore did not apply to the Defendant's 2001 sentences. *See Matthew Melton Jackson v. State*, No. W2008-023338-CCA-R3-HC, 2009 WL 1492212, at *1 (Tenn. Crim. App., at Jackson, May 28, 2009), *no Tenn. R. App. P. 11 application filed*.

The Defendant filed a second petition for a writ of habeas corpus, again alleging that his sentences were illegal pursuant to *Blakely* and its progeny. The habeas corpus court dismissed the petition, and this Court affirmed on the basis that this issue had previously been adjudicated. *Matthew Melton Jackson v. State*, No. W2011-00583-CCA-R3-HC, 2011 WL 3849558, at *1 (Tenn. Crim. App., at Jackson, Aug. 31, 2011), *no. Tenn. R. App. P. 11 application filed.*

The Defendant filed a petition for post-conviction DNA analysis. The post-conviction court denied this petition, and this Court affirmed holding that the results of any analysis would not create a reasonable probability that the Defendant would not have been prosecuted or convicted, as required by the statute. *Matthew Melton Jackson v. State*, No. M2012-01759-CCA-R3-PC, 2013 WL 1385011, at *1 (Tenn. Crim. App., at Nashville, Apr. 5, 2013), *no Tenn. R. App. P. 11 application filed*.

We note that the Defendant, in his filing with the lower court, alleged that he filed two other habeas corpus petitions, one in 2013 and one in 2016. He asserted that the 2013 petition addressed the issue of mandatory registration as a sexual offender and the

community supervision for life issues, which he asserted the trial court failed to address. He stated that the 2016 petition alleged the same issues as his previous convictions and that it was denied.

In June 2016, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant asked that the trial court reduce his sentence to twenty years "at most less mitigating factors to 15 (FIFTEEN) years." In support of his motion, the Defendant alleged that: (1) his sentence violated ex post facto protections; (2) his sentence was illegal and jurisdictionally defective; (3) his sentence was invalid because the trial court considered inappropriate enhancement factors; (4) his sentence were entered improperly and in contravention of the criminal sentencing reform act; (5) he received a certain type of punishment that the law now forbids; (6) he was sentenced without undergoing a type of procedure that the law now requires; and (7) his right to due process was violated when the trial court accepted his guilty pleas.

The trial court summarily dismissed the Defendant's Rule 36.1 motion. It stated that all of the issues raised in the motion had been adjudicated, appealed, and affirmed on appeal. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it found that he had not asserted a colorable claim for relief because his sentence is illegal. He explains that his sentence is illegal because the trial court erred when it increased his sentence above the presumptive minimum by finding enhancement factors without submitting it to a jury to find beyond a reasonable doubt. He further asserts that his sentence is illegal despite this Court's previous findings in his habeas corpus petitions. Finally, the Defendant states that ex post facto and "manifest injustice rights" warrant consideration of the issues he raises. He asks this Court to review the issues he presents in the interest of justice because his sentence is both illegal and "[u]nduly harsh." The State counters that all the issues raised have either been adjudicated or are not colorable claims for Rule 36.1 relief. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

4

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014).

A "colorable claim" within the language of Rule 36.1 is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Wooden*, 478 S.W.3d 585, 595-96 (Tenn. 2015)).

As stated, an "illegal sentence," as defined by this statute, is one that is "not authorized by the applicable statutes or that directly contravenes the applicable statute." The Defendant's contentions are first that the trial court erred when it sentenced him in contravention of *Blakely v. Washington*, 542 U.S. 296 (2004). The trial court sentenced the Defendant on July 20, 2001, and the Supreme Court issued the opinion in *Blakely* in 2004. Our Supreme Court held that *Blakely* and its progeny did not establish a new rule of constitutional law which was entitled to retroactive application on collateral review. *See Travis J. Woods v. State*, No. E2007-02379-CCA-R3-PC, 2009 WL 723522 at *14-15 (Tenn. Crim. App., at Knoxville, Mar. 18, 2009), *perm. app. denied* (Tenn. Aug. 17, 2009); *Ira Ishamael Muhammad v. State*, No. E2007-00748-CCA-R3-PC, 2009 WL 400633, at *5 (Tenn. Crim. App., at Knoxville, Feb. 18, 2009), *perm. app. denied* (Tenn. Aug. 17, 2009); *Ortega Wiltz v. State*, No. M2006-02740-CCA-R3-PC, 2008 WL 1850796, at *9 (Tenn. Crim. App., at Nashville, Apr. 25, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008); *Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App., at Nashville, May 1, 2007). Further, in the case under submission and on the Defendant's previous appeal, this Court has held that *Blakely* and its progeny do not retroactively apply to the Defendant's sentence. *Jackson*, 2009 WL 1492212, at *2. This Court also held that a *Blakely* violation does not meet the definition of an "illegal sentence" in Rule 36.1. *State v. Rafeal Antonio Bush*, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App., at Nashville, Dec. 18, 2014).

We conclude that the Defendant's other issues, namely that his guilty plea was not knowingly and voluntarily entered, that the trial court improperly enhanced his sentence, and that resentencing him under the 2005 amendments would violate the prohibition against ex post facto laws, are not proper grounds for Rule 36.1 relief. Accordingly, we

conclude that the trial court did not err when it summarily dismissed the Defendant's Rule 36.1 motion, and he is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE